IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PHH MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>LONNIE R. MITCHELL, *et al.*,<br><br>Defendants. | CASE NO. 1:25-cv-0426<br><br>DISTRICT JUDGE<br>DAVID A. RUIZ<br><br>MAGISTRATE JUDGE<br>JAMES E. GRIMES JR.<br><br>**REPORT &<br>RECOMMENDATION** |

The following Report and Recommendation addresses the issue of whether there is federal subject matter jurisdiction over the above captioned matter. For all of the reasons stated, I find that the Court lacks subject matter jurisdiction and recommend that the Court remand these proceedings to the court of common pleas.

*Background*

In December 2023, Plaintiff PHH Mortgage Corporation filed a foreclosure action in the Cuyahoga County Court of Common Pleas. *See* Doc. 1-2; Doc. 1-2, at 167–70. The complaint named Lonnie R. Mitchell and Robert & Emannuel Realty as defendants. Doc. 1-2, at 167. Among other things, PHH sought a money judgment against Mitchell and foreclosure of property. *Id.* at 169. The complaint did not rely on any provision of federal law. Although it is unclear when PHH served Mitchell with the complaint, PHH evidently effected

service by February 2024, as evidenced by the fact that Mitchell filed his answer on February 12, 2024. *Id.* at 207–11.

On March 4, 2025, Mitchell filed in this Court a document styled as a "petition to challenge the validity of loan claims and disclosure compliance in PHH Mortgage Corporation." Doc. 1. The Court docketed this document as a notice of removal under 28 U.S.C. § 1441.

The notice indicates that it is filed by "Lonnie the family of Mitchell, a private American, the secured party, first lien holder and agent of the principle 'LONNIE ROBERT MITCHELL.'"[1] Doc. 1, at 1. The notice purports to base jurisdiction in this Court on diversity and federal statutory and constitutional questions. *Id.* Notably, although it has a signature block for "Lonnie the family of Mitchell," it is not signed. *See id.* at 16. And the notice does not mention Robert & Emannuel Realty, the other Defendant.

On March 18, 2025, the Court ordered Mitchell to show cause why it should not recommend that the Court remand this matter to the court of common pleas. Doc. 6. Mitchell responded, Doc. 7, as did PHH, Doc. 11. Contemporaneously with his response, Mitchell filed a motion for leave to file an amended answer and counterclaims.[2] Doc. 8.

---

[1] This sort of rhetoric is used by those who espouse sovereign citizen beliefs to refer to themselves. So the Court interprets the notice as having been filed personally by Mitchell.

[2] As this Order explains, Mitchell has not established federal subject matter jurisdiction, so any motion, notice, or document that asks the Court to act are outside the Court's jurisdiction. Mitchell's pending motion, Doc. 8, or

2

*Legal Standards*

Under 28 U.S.C. § 1441(a), a defendant in a state-court civil action may remove the action to a United States district court with jurisdiction over "the place where such action is pending." But removal is only appropriate if the district court "would have [had] original jurisdiction over [the] civil action" if it had been filed there from the start. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *Marcus v. AT & T Corp.*, 938 F. Supp. 1158, 1165 (S.D.N.Y. 1996), *aff'd sub nom. Marcus v. AT&T Corp.*, 138 F.3d 46 (2d Cir. 1998). Federal-question jurisdiction under 28 U.S.C. § 1331 is proper "only when a federal question is presented on the face of the Plaintiff's properly pleaded Complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal causes of action raised in counterclaims or defenses to a complaint do not establish federal question jurisdiction for the complaint and do not provide a basis for removal. *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914-15 (6th Cir. 2007). "The party seeking removal bears the burden of demonstrating that the district court has original jurisdiction." *Eastman*, 438 F.3d at 549. And "[i]f at any time … it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

---

any other filing that requests the Court act are, thus, denied. *See Hazard Coal Co. v. American Resources Co.*, No. 22-5895, 2023 WL 6441940, at *1 (6th Cir. 2023) (dismissing case for lack of jurisdiction and terminating other pending motions because the court could not rule on any pending issues once it determined it lacked jurisdiction).

*Discussion*

In this case, the face of PHH's complaint does not allege any cause of action arising under federal law. Doc. 1-1, at 167–70. Mitchell has done nothing to carry his burden to show that the Court has jurisdiction. As PHH identified, Mitchell's state court answer did not include any federal counterclaims or defenses. *See* Doc. 1-1, at 207–210. And, in any event, the contents of an answer could provide a basis for removal to federal court. *Chase Manhattan Mortgage Corp.*, 507 F.3d at 914. Mitchell's response to the Show Cause Order likewise fails to establish a basis for federal subject matter jurisdiction or otherwise discernably address the issues outlined in the Show Cause Order. *See* Doc. 7. Indeed, Mitchell—the individual defendant named in the operative complaint and notice of removal—did not file a response to the Show Cause Order; instead, "the LONNIE ROBERT MITCHELL TRUST" responded through Mitchell. *See id.* at 1. The only argument Mitchell presented in this response further demonstrates that he is relying solely on his counterclaims to provide a basis for this Court's jurisdiction. *See id.* at 2–3 (arguing that Mitchell's claims, not PHH's original complaint, arise under federal and consumer protection laws).[3] Again, any counterclaims or defenses, including those

---

[3] Mitchell's response to the Show Cause Order indicates that he's taken action, such as transferring title in the property at issue, since he filed the notice of removal. This has no effect on whether the Court has jurisdiction over PHH's foreclosure action because jurisdiction is established at the time the complaint is filed based on the face of the complaint. *See Caterpillar Inc.*, 482 U.S. at 392 (explaining that whether a federal question exists is based on the "well-pleaded complaint rule" meaning whether a matter presents a federal

presented or proposed for the first time to this Court, do not support removal. 507 F.3d at 914.

There are at least three additional deficiencies in Mitchell's notice of removal, all of which demonstrate a lack of jurisdiction and support remand. *First*, Mitchell failed to identify the parties' citizenship in his notice of removal. *See generally* Doc. 1. So he has not established diversity jurisdiction to the extent he may be arguing that as a basis for removal. *Second*, Mitchell is not the only defendant in the matter he attempted to remove. *See* Doc. 1-1, at 167 (naming both Mitchell and Robert & Emannuel Realty, LLC as defendants in the state court foreclosure action). Importantly, all defendants who have been properly joined and served must join in or consent to removal. *See* 28 U.S.C. § 1446(b)(2)(A); *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) (holding that "all defendants in the action must join in the removal petition or file their consent to removal in writing") (citation omitted). Nevertheless, Mitchell failed to obtain consent from the other defendant—or at least there is no indication that he obtained consent—and he provides no explanation in his notice of removal or response to the Show Cause Order for why he failed to obtain consent. "Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446." *Id. Third*,

---

question is based on the face of a plaintiff's complaint); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) (reasoning that "the party who brings a suit is master to decide what law he will rely upon" so jurisdiction "cannot depend upon the answer, and accordingly jurisdiction cannot be conferred by the defense"). Mitchell's subsequent actions or filings cannot support removal.

5

Mitchell's notice of removal is untimely because it was filed well after the 30-day window provided by statute. *See* 28 U.S.C. §1446(b). Plaintiff filed its state court complaint in December 2023. Doc. 1-1, at 167. Mitchell waited until March 2025 to file his notice of removal. But he does not acknowledge the issue of timeliness, let alone argue why he could be excused from the general timeframe permitted for removal to federal court. For at least these three additional reasons remand is also appropriate.

*Conclusion*

There being no valid basis for the Court to exercise of federal removal jurisdiction in this case, I recommend that this action be remanded to the Cuyahoga County Court of Common Pleas. *See* 28 U.S.C. § 1447(c).

Dated: April 30, 2025

    */s/ James E. Grimes Jr.*
James E. Grimes Jr.
U.S. Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–531 (6th Cir. 2019).