UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PHH MORTGAGE CORPORATION, | CASE NO. 1:25-cv-00426 |
| Plaintiff, | JUDGE DAVID A. RUIZ |
| v. | |
| LONNIE R. MITCHELL, *et al.*, | ORDER |
| Defendants. | |

This matter involves a foreclosure action by Plaintiff against Defendants Lonnie R. Mitchell and Robert & Emannuel Realty, LLC, initially filed in the Cuyahoga County Court of Common Pleas and then removed here. R.1. On April 30, 2025 United States Magistrate Judge James E. Grimes, Jr., to whom this matter had been referred, *see*, R. 3, issued a Report and Recommendation (R. 16) recommending that the case be remanded to the Ohio court because, *inter alia*, "the face of [Plaintiff's] complaint does not allege any cause of action arising under federal law," and Defendants "have done nothing to carry [their] burden of showing that this Court has jurisdiction," whether by their answer to the complaint in state court or by filing a response to the show cause order issued by the magistrate judge. *Id.*, at Page ID#: 471. Defendant filed a timely objection to the Report and Recommendation (R. 17), to which Plaintiff responded. R. 19.

In addition, Defendant has objected to a decision of the Magistrate Judge that struck (R. 15) a notice of appearance (R. 13) by a purported trustee for an asserted party in interest.

1

Further, and currently pending, are motions by Defendant to "foreclose" Plaintiff's action because it purportedly lacks standing (R. 20) and a "demand for immediate judicial review" and dismissal of Plaintiff's action. R. 21. Plaintiff has not replied to either of the above filings.

When a party files objections to a Magistrate Judge's Report and Recommendation (R&R), the district judge conducts a *de novo* review of only those portions of the R&R to which a party has made a proper objection, and the objecting party has a duty to "pinpoint those portions of the magistrate judge's report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). In the absence of a specific objection, the district court may adopt conclusions reached by the magistrate judge without further discussion. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985). In the end, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Here, as noted, the core recommendation of the R&R at issue is that the case be remanded to the Cuyahoga County Court of Common Pleas because the federal court lacks jurisdiction. It is axiomatic that without jurisdiction a federal court is completely without authority to consider, analyze, adjudicate or opine on any issue or claim. "Without subject-matter jurisdiction, a court is powerless to act. Further, the subject-matter jurisdiction of federal courts—like this Court—is limited. Unlike state trial courts, federal courts may only decide those cases 'that the Constitution and Congress have empowered them to resolve.'" *Romeo v. Lammers*, 2025 WL 495537, at *2 (E.D. Mich. Feb. 13, 2025) (quoting *Ohio ex rel. Skaggs v. Brunner,* 549 F.3d 468, 474 (6th Cir. 2008)).

On review, it is apparent that Magistrate Judge Grimes comprehensively and accurately set forth the reasons why the federal courts lack jurisdiction over what is simply a state law

foreclosure action. Defendant's contention that the R&R failed to consider the effect of a purported transfer of the subject property to a trust prior to Plaintiff filing this action, *see*, R. 17, Page ID#: 473, does nothing to alter the plain fact that no federal jurisdiction exits here. Indeed, without such jurisdiction, Defendant's remaining objections to the R&R which claim it failed to reach issues like how Plaintiff named and served the Defendants, whether Plaintiff properly recorded its mortgage, or whether Plaintiff's purported trust perfected title, *see, id*.at 475, are all beyond the authority of the federal court to consider.

Accordingly, for the reasons stated, the Report and Recommendation (R. 16) is hereby ADOPTED in its entirety and the matter ORDERED remanded to the Cuyahoga County Court of Common Pleas. In addition, the following motions are DENIED as moot: Defendant's motion to compel (R. 17), Defendant's motion to "foreclose" Plaintiff's action (R. 20), and Defendant's motion for judicial review (R. 21).

IT IS SO ORDERED.


Date:   September 8, 2025                         s/ *David A. Ruiz*
                                                  David A. Ruiz
                                                  United States District Judge